UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RICARDO COVARRUBIAS,

        Plaintiff,

   v.

COUNTY OF MONO, STATE OF
CALIFORNIA, and DOES 1-100,

        Defendants.

                             /

NO. CIV. S-09-0613 LKK/KJM

O R D E R

Plaintiff brings suit under 42 U.S.C. section 1983 and state law challenging medical care he received while in the custody of the County of Mono and the State of California. Plaintiff's complaint was filed in state court, and was removed by defendant Mono County before the State was served. The State now asserts sovereign immunity, and thereby argues that this court lacks subject matter jurisdiction over claims against the State. For the reasons given below, the State's motion to dismiss is granted.

## I. BACKGROUND

Unless otherwise stated, the following allegations are taken

1

from plaintiff's complaint, and are treated as true for purposes of this motion. On March 18, 2008, plaintiff was taken into custody by Mono County sheriff's deputies. At that time, he had a broken arm, which was in a cast. This cast was removed while he was in the custody of Mono County, and despite requests by plaintiff, he did not receive any further treatment. This lack of treatment aggravated his injury. On March 21, 2008, plaintiff was transferred to Mono County to State custody in Tracy, California. Plaintiff again requested and was denied treatment for his arm, further aggravating the injury.

On December 31, 2008, plaintiff filed suit in state court against Mono County, the State of California, and various Doe defendants. Plaintiff first served his complaint on the County of Mono February 9, 2009. Notice of Removal, Doc. No. 1, ¶ 2. At that time, no other defendants had been served. On March 4, 2009, defendant Mono County removed this action to federal court on the basis of this court's federal question jurisdiction. The State of California was first served after the case had been removed to this court, on May 26, 2009. Doc. No. 19. In a scheduling order issued on August 5, 2009, the court dismissed all Doe and fictitiously named defendants. Doc. No. 23. This order granted plaintiff six months to add additional parties without need for further leave of the court. Id.

Pending before the court is the State's motion to dismiss all claims against it. The primary ground for this motion is the State's sovereign immunity. Because the court concludes that this

ground is sufficient, the court does not address the State's other arguments.

## II. STANDARD FOR A FED. R. CIV. P. 12(b)(1) MOTION TO DISMISS

The party seeking to invoke the jurisdiction of the federal court has the burden of establishing that jurisdiction exists. KVOS, Inc. v. Associated Press, 299 U.S. 269, 278 (1936); Assoc. of Medical Colleges v. United States, 217 F.3d 770, 778-779 (9th Cir. 2000). On a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1), the standards that must be applied vary according to the nature of the jurisdictional challenge.

Here, the challenge to jurisdiction is a facial attack. That is, the State contends that the allegations of jurisdiction contained in the complaint are insufficient on their face to demonstrate the existence of jurisdiction. Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004). In a Rule 12(b)(1) motion of this type, the plaintiff is entitled to safeguards similar to those applicable when a Rule 12(b)(6) motion is made. See Sea Vessel Inc. v. Reyes, 23 F.3d 345, 347 (11th Cir. 1994), Osborn v. United States, 918 F.2d 724, 729 n.6 (8th Cir. 1990); see also 2-12 Moore's Federal Practice - Civil § 12.30 (2009). The factual allegations of the complaint are presumed to be true, and the motion is granted only if the plaintiff fails to allege an element necessary for subject matter jurisdiction. Savage v. Glendale Union High Sch. Dist. No. 205, 343 F.3d 1036, 1039 n.1 (9th Cir. 2003), Miranda v. Reno, 238 F.3d 1156, 1157 n.1 (9th Cir. 2001).

### III. ANALYSIS

Plaintiff's complaint asserts four claims, arising under 42 U.S.C. § 1983, Cal. Gov. Code § 845.6, and the common law of intentional infliction of emotional distress and professional negligence. Although the complaint indicated that all claims were alleged against the State, Compl. ¶ 1-15, plaintiff now argues that only the Cal. Gov. Code § 845.6 claim was intended against the State. The court notes that even if plaintiff intended to bring a section 1983 claim against the State, such a claim would necessarily fail, because neither the State nor its agencies are "persons" for purposes of section 1983. Will v. Michigan Dep't of State Police, 491 U.S. 58, 66 (1989). Plaintiff further concedes that the infliction of emotional distress and negligence claims may not be brought against the State. Thus, plaintiff only argues that his Gov. Code § 845.6 claim may proceed.

**A.   Sovereign Immunity**

States enjoy broad immunity from suit, as recognized by the "[United States] Constitution's structure, and its history, and the authoritative interpretations [thereof] by [the U.S. Supreme Court]." Alden v. Me., 527 U.S. 706, 713 (1999). One aspect of this immunity is the immunity recognized by the Eleventh Amendment, but sovereign immunity "neither derives from nor is limited by the terms of" that amendment. Id. The Supreme Court has explained that a State's immunity from claims brought under the State's own laws is "based on the logical and practical ground that there can be no legal right as against the authority that makes the law on

1  which the right depends." Nevada v. Hall, 440 U.S. 410, 416
2  (1979). Although a State may waive sovereign immunity, when
3  sovereign immunity is properly asserted, it acts as a limit on the
4  jurisdiction of the federal courts. Idaho v. Coeur d'Alene Tribe
5  of Idado, 521 U.S. 261, 267 (1997).

6  Sovereign immunity extends to the type of claim at issue here.
7  It extends to suits brought against the State by the State's own
8  citizens. Hans v. Louisiana, 134 U.S. 1 (1890). It extends to
9  suits brought against the State, state agencies, and state
10 departments. V. O. Motors, Inc. v. California State Bd. of
11 Equalization, 691 F.2d 871, 872 (9th Cir. 1982) (citing Alabama v.
12 Pugh, 438 U.S. 781, 782 (1978) (per curiam)). Thus, although
13 plaintiff may have intended to name the California Department of
14 Corrections and Rehabilitation, rather than the State of
15 California, as the defendant, this possibility does not alter the
16 sovereign immunity analysis; CDCR's immunity is coextensive with
17 the State's. Finally, the immunity extends to claims arising under
18 both state law, Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S.
19 89, 106 (1984), and federal law, including 42 U.S.C. § 1983, Quern
20 v. Jordan, 440 U.S. 332, 341 (1979) (holding that section 1983 did
21 not abrogate sovereign immunity, and that states therefore enjoy
22 sovereign immunity as to section 1983 claims).

23 As noted above, a State may waive sovereign immunity. This
24 waiver may be either explicit or implicit. There has been no
25 explicit waiver here. Courts have found an implicit waiver where
26 the State takes an action that invokes the jurisdiction of the

5

federal courts. <u>Lapides v. Board of Regents of the University System of Georgia</u>, 535 U.S. 613, 619 (2002). "'[W]here a State voluntarily becomes a party to a cause and submits its rights for judicial determination, it will be bound thereby and cannot escape the result of its own voluntary act by invoking the prohibitions of the Eleventh Amendment.'" <u>Id.</u> (quoting <u>Gunter v. Atlantic C. L. R. Co.</u>, 200 U.S. 273, 284 (1906)).

<u>Lapides</u> held that removal could constitute such an affirmative invocation of jurisdiction giving rise to waiver of sovereign immunity. However, <u>Lapides</u>'s holding does not apply to this case, because the State did not participate in removal. Ordinarily, all defendants must join in the notice of removal under 28 U.S.C. section 1441. <u>Abrego v. Dow Chem. Co</u>, 443 F.3d 676, 680 (9th Cir. 2006) (citing <u>United Computer Sys., Inc. v. AT & T Corp.</u>, 298 F.3d 756, 762 (9th Cir. 2002)). However, the Ninth Circuit rule is that "a party not served need not be joined; the defendants summonsed can remove by themselves." <u>Salveson v. Western States Bankcard Asso.</u>, 731 F.2d 1423, 1429 (9th Cir. 1984); <u>see also</u> <u>Emrich v. Touche Ross & Co.</u>, 846 F.2d 1190, 1193 n.1 (9th Cir. 1988). In this case, the County of Mono was served with the complaint and removed the action prior to service upon the State; the State did not join or otherwise affirmatively participate in the removal. Thus, the State has not invoked the federal courts' jurisdiction.

Accordingly, this court lacks jurisdiction over plaintiff's claims against the State, including plaintiff's claim under Cal. Gov. Code § 845.6.

6

**B.   Effect of Sovereign Immunity on Removal**

Plaintiff alternatively suggests that this entire action be remanded to state court.  The fact that sovereign immunity deprives this court of subject matter jurisdiction over claims against the State does not demonstrate that removal was improper.  Wisconsin Dept. of Corrections v. Schact, 524 U.S. 381 (1998).  In Schact, the State defendant joined in removal, and the federal district court then determined that some claims against the state were barred by sovereign immunity.  Id. at 383.  The Court assumed that the assertion of sovereign immunity was proper--as explained by Justice Kennedy's concurrence, Schact did not consider the question later addressed by Lapides, the effect of removal on sovereign immunity, instead confining itself to the converse question, the effect of sovereign immunity on removal.  Schact, 524 U.S. at 393-98 (Kennedy, J., concurring); see also Lapides, 535 U.S. at 621, 623 (citing Justice Kennedy's concurrence in Schact).[1]

Assuming that the assertion of sovereign immunity was proper, the Supreme Court concluded that the jurisdictional bar imposed by sovereign immunity did not "destroy removal jurisdiction that would otherwise exist."  Id. at 386; see also id. at 392.  Thus, the Supreme Court held that the case was properly removed, and that the

---

[1] In this case, the State argues that Schact stands for the proposition that "A state's proper assertion of an Eleventh Amendment bar after removal to federal court by a party means that the federal court cannot hear the barred claim."  This statement verges on the tautological, because it, like Schact, does not address how to determine whether an assertion of sovereign immunity is "proper."  Nonetheless, as discussed above, Lapides indicates that the assertion of sovereign immunity is proper here.

7

1 federal court retained jurisdiction over the claims as to which
2 sovereign immunity could not be asserted.  Id. at 392-93.  Thus,
3 this court retains jurisdiction over plaintiff's claims against the
4 County, such that these claims were properly removed.

**C.   Claims against State Employees**

In opposing the present motion, plaintiff argues that he may bring suit against state employees, who are not protected by the state's sovereign immunity.  The possibility of bringing claims against state employees does not circumvent the state's sovereign immunity.  Although plaintiff apparently seeks discovery from the state in order to ascertain the identities of individual state employees, this court does not have jurisdiction over the State to compel the production of such discovery.

Additionally, plaintiff's complaint only names state employees as doe defendants.  All doe defendants in ths case have been dismissed.  Order of Aug. 5, 2009 (Doc. No. 23).

**D.   Remedy**

When subject matter jurisdiction is found to be lacking after removal, the proper remedy is to remand to state court.  28 U.S.C. § 1447(c).  Accordingly, plaintiff's claims against the State are remanded, but pursuant to the Supreme Court's decision in Schact, this court retains jurisdiction over the claims against the County.

### IV. CONCLUSION

For the reasons stated above, the State of California's motion is GRANTED. As to the State of California only, plaintiffs' claims
////

8

1  against the State are REMANDED to the state court.
2        IT IS SO ORDERED.
3        DATED:  August 19, 2009.

```
                              LAWRENCE K. KARLTON
                              SENIOR JUDGE
                              UNITED STATES DISTRICT COURT
```

9